## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**JOSEPH COSTELLO, ON BEHALF**          **CASE NO.:**
**OF HIMSELF AND THOSE**
**SIMILARLY SITUATED,**

             **Plaintiff,**          **CLASS ACTION COMPLAINT AND**
                                 **JURY DEMAND**

**vs.**

**SEMINOLE TRIBE OF FLORIDA,**
**D/B/A SEMINOLE HARD ROCK**
**HOTEL & CASINO - TAMPA, AND**
**SEMINOLE HARD ROCK HOTEL &**
**CASINO - HOLLYWOOD,**

             **Defendant.**
_____/

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JOSEPH COSTELLO, by and through his undersigned attorneys, MORGAN &

MORGAN, P.A., hereby sues Defendant, SEMINOLE TRIBE OF FLORIDA, d/b/a SEMINOLE

HARD ROCK HOTEL & CASINO – TAMPA, and d/b/a SEMINOLE HARD ROCK HOTEL

& CASINO - HOLLYWOOD, on behalf of himself and on behalf of the Class identified below,

and seeks Class status on behalf of himself and the Class as described below.

## NATURE OF THE CASE

1.     Plaintiff brings this action on behalf of all "hourly-paid dealers" employed by

Defendant in Florida and who worked for Defendant within the applicable statute of limitations.

Plaintiff brings this action to recover unpaid minimum wages, liquidated damages, declaratory

relief, and other relief pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter

"F.R.C.P."), as well as the Fair Labor Standards Act, as amended, 29 U.S.C. §206 ("FLSA") and

Article X, Section 24 of the Florida Constitution.

2.      Plaintiff seeks to represent the following class:

**Seminole Tribe Casino Hourly-Paid Dealer Class:**

> All citizens, residents, or domiciliaries of the State of Florida
> who are/were hourly-paid dealers for any Seminole Tribe
> Casino, within the applicable statute of limitations and such
> citizens', residents' and domiciliaries' estates, representatives,
> administrators, spouses, children, relatives and "significant
> others" as their heirs or survivors.

3.      Defendant, SEMINOLE TRIBE OF FLORIDA, owns and operates seven (7) casinos in Florida which provide gaming and entertainment services to the public. *See* Fla. Stat. §285.711, Part IV(B).

4.      Defendant employs hourly-paid dealers at their casinos to operate their games, such as poker and blackjack.

5.      At all relevant times, Defendant failed to pay its hourly-paid dealers the full minimum wage as required by the FLSA and the Florida Constitution.

6.      Hourly-paid dealers are/were not paid the full minimum wage in two ways: (1) dealers are/were paid a direct wage that was below the rates dictated by the FLSA and the Florida Constitution, even if Defendant's attempted tip credit was taken into account, and (2) Defendant operated an illegal "tip pooling" arrangement, which invalidates any tip credit, whereby dealers were required to give back 5% of the tips received to pay other employees of Defendant who do not customarily and regularly receive tips. Attached as Composite Exhibit "A" are examples of Plaintiff's paychecks showing Defendant paying Plaintiff a direct wage of only $3.13/hr, and examples of "tips receipts" received by Plaintiff which shows 5% of Plaintiff's tips being distributed to other employees who do not customarily and regularly receive tips.

7.      At all times relevant to this action, Defendant knew, had reason to know, or

should have known, that it was not properly and completely paying its hourly-paid dealers the proper minimum wage.

8.     Plaintiff and all Plaintiff Class members seek equitable and other relief for themselves, and all others similarly situated, to compensate them in whole or in part for the unpaid minimum wages and liquidated damages not received by them for Defendant's failure to pay the proper minimum wage.

## JURISDICTION & VENUE

9.     This Court has jurisdiction over the FLSA minimum wage claims pursuant to 28 U.S.C. §1331, and jurisdiction over the Florida minimum wage claims pursuant to 28 U.S.C. §1367. Venue is proper in this Court because Plaintiff resides within the District and Defendant maintains a business operation within the District.

10.     At all times relevant hereto, Defendant was engaged in the business of operating hotels and casinos throughout the state of Florida, including Hillsborough County, Florida, and is therefore within the jurisdiction of this Court.

11.     At all material times relevant to this action, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s), as Defendant has an annual business dollar volume of at least $500,000.00, with two or more employees engaged in interstate commerce. Additionally, Plaintiff was engaged in interstate commerce during his employment with Defendant.

## PARTIES

12.     Plaintiff, JOSEPH COSTELLO, is and was at all times hereinafter mentioned, a citizen of the United States of America, and resides in the State of Florida.

13.     Since September 2005, Plaintiff, JOSEPH COSTELLO, has been employed by Defendant as an hourly-paid dealer working at Defendant's location in Tampa, Florida, and as

such, Plaintiff is a member of the proposed Class herein.

14.     Defendant, SEMINOLE TRIBE OF FLORIDA, d/b/a SEMINOLE HARD ROCK
HOTEL & CASINO – TAMPA, and d/b/a SEMINOLE HARD ROCK HOTEL & CASINO –
HOLLYWOOD, is an Indian Tribe which operates and conducts business in, among others,
Hillsborough County, Florida.

## GENERAL ALLEGATIONS

15.     Defendant operates seven (7) casinos in Florida which provide gaming
opportunities and entertainment to the public.

16.     Defendant employed hourly-paid dealers to operate their table games in these
casinos.

17.     At all relevant times, Defendant failed to completely pay its hourly-paid dealers
the proper minimum wage. *See* Composite Exhibit A.

18.     In 1999, the Eleventh Circuit held that general statutes (such as the FLSA)
generally applied to Indian tribes unless the general statute would "(1) abrogate rights guaranteed
under an Indian treaty, (2) interfere with purely intramural matters touching exclusive rights of
self-government, or (3) contradicts Congress's intent." *Florida Paraplegic Association, Inc. v.
Miccosukee Tribe of Indians of Florida*, 166 F.3d 1126, 1129 (11th Cir. 1999).  In that case,
while the Eleventh Circuit held that the general statute in question applied to the Indian tribe
defendant, it ordered the dismissal of the lawsuit because Indian tribes enjoyed sovereign
immunity from lawsuits "unless the tribe waives its immunity or Congress expressly abrogates
it." *Id.* at 1131.

19.     In 2008, the Eleventh Circuit held that the Indian tribe defendant there could not
be sued under the FLSA "unless the tribe waives its immunity or Congress expressly abrogates

it." *Lobo v. Miccosukee Tribe of Indians of Florida, et. al.*, 279 Fed. Appx. 926, 927 (11th Cir. 2008).

20.     Here, Defendant has waived its sovereign immunity.  In 2009, Defendant and the State of Florida executed a Gaming Compact which was subsequently codified in the Florida Statutes. *See* Fla. Stat. §285.711 (2009).

21.     Pursuant to the Gaming Compact encompassed in Florida Statute §285.711, Defendant "will comply with all federal and state labor laws, where applicable."  Fla. Stat. §285.711, Part XVIII(G), (2009).

22.     The FLSA is a federal labor law of general application which all covered employers must comply with.  Additionally, Article X, Section 24 of the Florida Constitution is a state labor law of general application which the covered employers of this state must also comply with.

23.     Thus, by its own accord with the state of Florida, it is clear that Defendant is required to satisfy the minimum wage provisions of both the FLSA and Florida Constitution in the payment of wages to its employees, including Plaintiff and the members of this Class.

24.     Moreover, in 2009, the Ninth Circuit held that Indian tribes were subject to the FLSA and did <u>not</u> enjoy sovereign immunity from its enforcement, even with no agreement waiving sovereign immunity. *See Solis v. Matheson*, 563 F.3d 425 (9th Cir. 2009).  There, the Ninth Circuit held that the Secretary of Labor had the authority to enter the Indian reservation to enforce the provisions of the FLSA. *See Id.*

25.     No policy reasons exist to allow Defendant to avoid paying lawful minimum wages either.  Plaintiff and members of the Class, who are mostly non-tribal member employees, are employed by Defendant in a highly profitable commercial business which does not solely

serve Defendant's tribal members, but the <u>entire</u> public of this state.  Defendant holds itself out as a commercial business open to the public and has agreed to abide by federal and state labor laws.  Any holding to the opposite would be contrary to any notion of justice and wholly unfair to Plaintiff and members of the Class.

26.     Here, hourly-paid dealers are/were not paid the full minimum wage in two ways: (1) dealers are/were paid a direct wage that was below the rates dictated by the FLSA and the Florida Constitution, even if Defendant's attempted tip credit was taken into account, and (2) Defendant operated an illegal "tip pooling" arrangement, which invalidates any tip credit, whereby dealers were required to give back 5% of the tips received to pay other employees of Defendant who do not customarily and regularly receive tips.

27.     Pursuant to the Florida Constitution, "tipped Employees meeting eligibility requirements for the tip credit under the FLSA, Employers may credit towards satisfaction of the Minimum Wage tips up to the *amount of the allowable FLSA tip credit in 2003*."  Fla. Const., Art. X, Sec. 24(c) (emphasis added).

28.     The FLSA tip credit in 2003 was $3.02.

29.     Since July 24, 2009, the Florida and Federal minimum wage rate has been $7.25 per hour.

30.     Therefore, since July 24, 2009, the direct minimum wage that must be paid to employees by Florida employers is $4.23. ($7.25 minimum wage - $3.02 tip credit = $4.23 direct wage)[1]

31.     However, during this time frame, Plaintiff only received a direct wage of $3.13

---

[1] From January 1, 2009 to July 23, 2009, the direct wage must be $4.19/hr. ($7.21 Florida minimum wage - $3.02 tip credit = $4.19 direct wage)
From January 1, 2008 to December 31, 2008, the direct wage must be $3.77/hr. ($6.79 Florida minimum wage - $3.02 tip credit = $3.77 direct wage)

per hour. *See* Composite Exhibit A.

32.     Defendant also distributed 5% of the tips received by Plaintiff to other employees of Defendant. *See* Composite Exhibit A.

33.     According to the Department of Labor, employers may utilize "tip-splitting or pooling arrangements among employees who customarily and regularly receive tips." DOL Field Operations Handbook §30d04(a).

34.     The Florida Constitution incorporates the same meaning of "wage" that is established under the FLSA and its regulations. *See* Fla. Const., Art. X, Sec. 24(b). Therefore, the same tip pooling requirements dictated by the FLSA apply to the Florida minimum wage under the Florida Constitution.

35.     Here, Plaintiff was required to split 5% of the tips he received with the employees who worked as the "poker brush" and the "poker cashier." *See* Composite Exhibit A. These employees are not employees who customarily and regularly receive tips. Therefore, the tip pooling arrangement utilized by Defendant is unlawful, and Plaintiff and members of the Class are owed the full minimum wage as a direct wage.

36.     At all times relevant to this action, Defendant failed to comply with 29 U.S.C. §§201-209, and the Florida Constitution, Article X, Section 24, because Plaintiff, and the Class, were not paid the correct minimum wage and no provisions were made by Defendant to properly pay Plaintiff, and the Class, the correct minimum wage for those hours worked by them. *See* Composite Exhibit A.

37.     At all times relevant to this action, Defendant knew, had reason to know, or should have known, that it was not properly and completely paying its hourly-paid dealers the correct minimum wage.

38.     Defendant's conduct and actions in failing to properly pay its hourly-paid dealers has damaged Plaintiff and members of the Class.

## CLASS DEFINITION

39.     Plaintiff brings the Florida minimum wage claim pursuant to Federal Rules of Civil Procedure Rule 23 on behalf of himself, and all others similarly situated, defined as follows:

### Seminole Tribe Casino Hourly-Paid Dealer Class:

> All citizens, residents, or domiciliaries of the State of Florida who are/were hourly-paid dealers for any Seminole Tribe Casino, within the applicable statute of limitations and such citizens', residents' and domiciliaries' estates, representatives, administrators, spouses, children, relatives and "significant others" as their heirs or survivors.

40.     Excluded from the Class are:

    a.      Defendant's officers and directors;

    b.      any judge or judicial official assigned to this matter and his or her immediate family; and

    c.      any legal representative, successor, or assign of any excluded persons or entities.

## CLASS ACTION ALLEGATIONS

41.     <u>Numerosity of the Class</u>: The proposed Class is so numerous that joinder is impractical. The disposition of these claims through this class action will be more efficient and will benefit the parties and the Court. Defendant operates seven (7) casinos in Florida, with hundreds, if not thousands, of hourly-paid dealers state-wide. The identities of the individual members of the class are ascertainable through employment records of Defendant, as well as Class members may be informed of the pendency of this class action by the internet or other means.

42.     <u>Predominance of Common Questions of Fact and Law:</u>   A well-defined community of interest in the questions of law and fact common to the proposed class defined herein predominate over questions affecting only individual class members including, but not limited to, the following:

a.     whether Defendant failed to pay hourly-paid dealers the correct minimum wage for all hours worked;

b.     whether Defendant operated an illegal tip-pooling arrangement;

c.     whether Defendant complied with State and Federal Labor Laws.

d.     whether Plaintiff and the Class members are entitled to recover unpaid minimum wages, liquidated damages, and/or other damages as a result of Defendant's unlawful conduct; and

e.     what is the proper mechanism for assessing and awarding damages and administering other relief to the Class members;

43.     <u>Typicality:</u> Having been a victim of Defendant's unlawful conduct, Plaintiff is a member of the Seminole Tribe Casino Hourly-Paid Dealer Class.  Plaintiff has worked as an hourly-paid dealer for Defendant in Tampa, Florida since September 2005.  All members of the class have worked for Defendant as hourly-paid dealers and have similarly suffered damages arising from Defendant's violations of labor laws, as alleged herein.

44.     <u>Adequacy of Representation:</u> Plaintiff is an adequate representative of the Plaintiff Class because he is a member of the Plaintiff Class and his interests do not conflict with the interests of the members of the Plaintiff Class he seeks to represent.  Further, Plaintiff is represented by experienced and able counsel who have litigated numerous other FLSA collective actions and class actions, and they intend to prosecute this action vigorously for the benefit of the entire Plaintiff Class.  Plaintiff and his counsel will fairly and adequately protect the interests of the members of the Plaintiff Class.

45.   <u>Superiority</u>: A class action is superior to other available methods for the efficient adjudication of this litigation since individual litigation of each Class members' claims is impracticable.  It would be unduly burdensome to the courts for individual litigations to proceed. Further, individual litigations present a potential for inconsistent and/or contradictory judgments and further increases the delay and expense to all parties and the courts. By contrast, the class action device presents far fewer management difficulties and provides the benefit of a single adjudication, economies of scale, and comprehensive supervision by a single court. Additionally, notice of the pendency and/or resolution of this class action can be provided to Class members by direct mail, as upon information and belief, Defendant's have kept employment records detailing the names and addresses of past and present hourly-paid dealers.

46.   This action is also properly certified under the provisions of Federal Rule of Civil Procedure Rule 23 because:

   a.   the prosecution of separate actions by individual members of the Class would create a risk of inconsistency of varying adjudications with respect to individual Class members, thus establishing incompatible standards of conduct for Defendant; and

   b.   due to the nature of the relief sought, the prosecution of separate actions by the individual members of the Class would create a risk of adjudications with respect to them that would as a practical matter, be dispositive of the interests of the other members of the Class not parties to such adjudications or would substantially impair or impede the ability of such members of the Class to protect their interests.

## EQUITABLE TOLLING OF APPLICABLE STATUTES OF LIMITATIONS

47.   The running of any statute of limitations has been tolled by reason of Defendant's unlawful conduct. Defendant, a sophisticated enterprise earning *billions* of dollars per year, willfully and actively did not pay Plaintiff and the Class the proper minimum wage for all hours worked by Plaintiff and the Class, even though Defendant agreed to comply with federal and

state labor laws. *See* Fla. Stat. §285.711, Part XVIII(G), (2009).

48.    As a result of Defendant's actions, Plaintiff and the Class have been damaged by Defendant's conduct in failing to pay for all hours worked by Plaintiff and the Class.

49.    Defendant should be estopped from relying on any statute of limitations because of their willful unlawful conduct.  Also, the economics of this unlawful conduct should be considered.  Defendant earns billions of dollars and easily has the ability to properly and completely pay Plaintiff and the Class minimum wages for all hours worked.  However, even though Defendant agreed to comply with federal and state labor laws, Defendant took advantage of their hourly-paid dealers and willfully and illegally failed to pay their hourly-paid dealers the correct minimum wage.

## COUNT I - RECOVERY OF MINIMUM WAGES (FEDERAL LAW)

50.    Plaintiff, on behalf of himself and all others similarly situated, realleges and incorporates by reference the allegations contained in paragraphs 1 through 49 above as if fully set forth herein.

51.    Plaintiff, and those similarly situated employees, are/were entitled to be paid minimum wages for each hour worked during employment with Defendant.

52.    Specifically, Plaintiff, and those similarly situated employees, were not paid the proper minimum wage.  This failure to pay minimum wages is evidenced by Composite Exhibit A.

53.    Defendant willfully failed to pay Plaintiff, and those similarly situated employees, minimum wages for one or more hours during his employment contrary to 29 U.S.C. §206.

54.    As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff, and those similarly situated employees, have been damaged in the loss of minimum wages for one or more weeks of work with Defendant.

55.     Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, JOSEPH COSTELLO, and all other similarly situated employees,

demand judgment against Defendant for unpaid minimum wages, an additional and equal amount of

liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief,

and any and all further relief that this Court determines to be just and appropriate.

## COUNT II - RECOVERY OF MINIMUM WAGES (STATE LAW)

56.     Plaintiff, on behalf of himself and all others similarly situated, realleges and

incorporates by reference the allegations contained in paragraphs 1 through 49 above as if fully

set forth herein.

57.     Plaintiff, and those similarly situated employees, are/were entitled to be paid

minimum wages for each hour worked during employment with Defendant.

58.     Specifically, Plaintiff, and those similarly situated employees, were not paid the

proper minimum wage.  This failure to pay minimum wages is evidenced by Composite Exhibit A.

59.     Defendant willfully failed to pay Plaintiff, and those similarly situated employees,

minimum wages for one or more hours during his employment contrary to Article X, Section 24 of

the Florida Constitution.

60.     As a direct and proximate result of Defendant's deliberate underpayment of wages,

Plaintiff, and those similarly situated employees, has been damaged in the loss of minimum wages

for one or more weeks of work with Defendant.

61.     Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, JOSEPH COSTELLO, and all other similarly situated employees,

demand judgment against Defendant for unpaid minimum wages, an additional and equal amount of

liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief,

and any and all further relief that this Court determines to be just and appropriate.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff and members of the Class demand judgment against Defendant, SEMINOLE TRIBE OF FLORIDA, d/b/a SEMINOLE HARD ROCK HOTEL & CASINO – TAMPA, and d/b/a SEMINOLE HARD ROCK HOTEL & CASINO – HOLLYWOOD, as follows:

  i.   An order certifying the Class, appointing Plaintiff as class representative, and appointing MORGAN & MORGAN, P.A. as counsel to the Class;

  ii.  Damages for unpaid minimum wages and liquidated damages in an amount to be determined at trial;

  iii. Pre judgment and post judgment interest at the maximum rate allowable at law;

  iv.  The costs incurred by Plaintiff and Class members in connection with this action, including reasonable attorneys' fees;

  v.   Such other and further relief under all applicable state of federal law and any relief the Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff, individually and on behalf of the Class, hereby demands a trial by jury as to all issues so triable.

Dated: April ___1___, 2010

                                    **MORGAN & MORGAN, P.A.**

                                    By: _____

                                    C. Ryan Morgan, Esq.
                                    Florida Bar No. 0015527
                                    Richard B. Celler, Esq.
                                    Florida Bar No. 0173370
                                    Morgan & Morgan, P.A.
                                    20 N. Orange Ave., 14th Floor
                                    Orlando, FL 32802-4979
                                    Telephone:    (407) 420-1414
                                    Facsimile:    (407) 425-8171
                                    Email: rmorgan@forthepeople.com
                                    Email: rceller@forthepeople.com